UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
OLUWA EDWARDS,

                        Plaintiff,

       -against-

Detective KEVIN GASSER, Shield No. 2561; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                      Defendants.
------------------------------------------------------------------- x

**COMPLAINT**

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Oluwa Edwards ("plaintiff" or "Mr. Edwards") is a resident of Kings County in the City and State of New York.

7. Defendant Detective Kevin Gasser, Shield No. 2561 ("Gasser"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Gasser is sued in his individual and official capacities.

8. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

9. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

10. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

11. At approximately 10:00 p.m. on June 6, 2012, plaintiff was lawfully present inside of his girlfriend's apartment at 1091 Willmohr Street, Apartment 4B in

Brooklyn, New York.

12. Defendants pushed their way through the front door and demanded to know where "Omar White" was.

13. Defendants stormed through the apartment, saw plaintiff and screamed at plaintiff, in sum, "you are Omar White."

14. When plaintiff told defendants that he was Oluwa Edwards and not "Omar White," defendants yelled, in sum, "you're fucking lying."

15. Without probable cause or reasonable suspicion to believe he had committed any crime or offense, defendants searched and handcuffed plaintiff.

16. Plaintiff was taken to the 67th Precinct.

17. At the precinct the officers falsely informed employees of the Kings County District Attorney's Office that plaintiff had engaged in criminal mischief, menacing and harassment.

18. At no point did the officers observe plaintiff engage in criminal mischief, menacing and harassment.

19. Plaintiff was eventually taken to Kings Central Booking.

20. After being held for approximately forty-eight hours, plaintiff was arraigned in Kings County Criminal Court and released on his own recognizance.

21. Plaintiff was forced to make multiple court appearances before the charges against him were dismissed in their entirety on or about September 13, 2012.

22. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Detention and Search

23. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

24. Defendants violated the Fourth and Fourteenth Amendments because they detained and searched plaintiff without reasonable suspicion.

25. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### False Arrest

26. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

27. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

28. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Malicious Prosecution

29. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

30. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

31. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

32. As a direct and proximate result of defendants' unlawful actions, plaintiffs have suffered, and will continue to suffer, damages, including mental and emotional injury, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## FOURTH CLAIM
### Denial Of Constitutional Right To Fair Trial

33. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

5

34. The individual defendants created false evidence against plaintiff.

35. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

36. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

37. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
## Failure To Intervene

38. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

39. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

40. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth And Fourteenth Amendments.

41. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:  November 7, 2012
        New York, New York

                            HARVIS WRIGHT
                            SALEEM & FETT LLP

                            _____
                            Afsaan Saleem
                            305 Broadway, 14th Floor
                            New York, New York 10007
                            (212) 323-6880
                            asaleem@hwsflegal.com

                            *Attorney for plaintiff*